# Illinois Central R. Co. v. The People, Use of Stephen R. Moore.

1. *Highways—Obstructions by Railroad Companies—Parol Dedication.*—In an action against a railroad company for obstructing a public highway crossing, it appeared that the public had used the crossing for thirty years, and that until a short time before the commencement of the suit, the company had recognized its right to do so. In the construction of a building on its right of way, it had left an opening the width of the street, and constructed approaches from both sides. It had constructed and maintained a plank crossing for the convenience of the public, erected and maintained at the place a sign-board reading "Railroad crossing, look out for the cars," and a portion of the time had kept a flagman there. *It was held,* that independent of any right·acquired by the public by reason of long and continued use, such acts by the company furnished strong evidence of a parol dedication.

2. *Dedication—Evidence of Parol Dedication.*—Proof of a parol dedication must clearly show an intention on the part of the land owner to dedicate, but the proof may consist of acts of the owner mutually indicative of such intention, or his acquiescence in the use of the land in question, and under circumstances which would reasonably forbid such acquiescence if there was no such intention.

3. *Highways—Obstruction.*—Section 77, Ch. 174, R. S., providing that no railroad corporation shall obstruct any public highway, by stopping any train upon, or by leaving any car or locomotive engine standing on its tracks where the same intersects or crosses such public highway, is not violated unless the train, car or locomotive stopped or left standing thereon, forms an obstruction to travel.

4. *Verdict and Judgment—Objection to Form.*—Technical objections to the form of a verdict and judgment can not be made in the Appellate Court for the first time.

**Memorandum.**—Action for obstructing a highway. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

WHEELER & HUNTER, attorneys for appellant.

STEPHEN R. MOORE, attorney for appellee.

OPINION OF THE COURT, HARKER, P. J.

This suit was brought by Stephen R. Moore, in the name of the people, for his use, under Secs. 77 and 78, Chap. 114, of the Revised Statutes, providing against the obstructing by railroad companies of highways.   There were nine counts in the declaration charging appellant with having, on nine different days, obstructed Hickory street, in the city of Kankakee, at its intersection with the Illinois Central Railroad, by leaving standing thereon, cars, in violation of the statute.    There was a trial by a jury, with a verdict in favor of appellee on each count, for $15, aggregating $135.    The court overruled a motion for a new trial and entered judgment on the verdict.

The chief contention of appellant is, that the evidence fails to show that the place at which it is charged with having left its cars, is a public highway or crossing.   It does not appear that Hickory street was ever formally laid out at the place in question, before the construction of the railroad track, or proceedings had since to open and extend the street across the track.

The evidence shows, however, that for a period of thirty years the public used this crossing, and that up to a short time before the commencement of this suit, appellant had recognized their right to do so.   In the construction of buildings on its right of way, it had left an opening of the width of the street, had constructed approaches from both sides, had constructed and maintained a plank crossing for the convenience of the public, had erected and maintained at the place a sign, reading, " Railroad crossing, look out for cars," and for a portion of the time had kept a flagman stationed there.   Independent of any right acquired by the public, by reason of long and continued use, these acts of appellant furnished pretty strong evidence of a parol dedication.   We recognize the rule, that proof of a parol dedication must clearly show intention on the part of the land owner to dedicate, but the proof may consist of acts of the owner, naturally indicative of such an intention, or of his acquiescence in the public use under circumstances

which would reasonably forbid such acquiescence, if there was no such intention. We are unable to see that appellant was injured by any erroneous ruling of the court, on the admission of evidence.

The court improperly instructed the jury that it was sufficient to render the railroad company liable, if the proof showed that it left any car standing on the track where the same intersects or crosses the highway. The statute is not violated unless the car or cars formed obstruction to travel. But the testimony of Mr. Moore was that the cars, on the dates alleged, so stood upon the crossing as to obstruct travel. On this particular point he was not contradicted. There was no such question before the jury as that of total or partial projection of the cars.

The instruction worked no harm to appellant.

There is some criticism as to the form of the verdict and judgment. The objection is entirely technical and is made here for the first time. That is a sufficient reason why it should not prevail.

The judgment should be affirmed.